# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Crim. Act. No. 1210019908 |
| | ) | |
| | ) | |
| ERIC HOLMES | ) | |

Date Submitted: December 12, 2025
Date Decided: March 13, 2026

## ORDER DENYING HOLMES'
## MOTION FOR POSTCONVICTION RELIEF

1.     Defendant Eric Holmes was found guilty after a jury trial of Possession

of a Firearm by a Person Prohibited.[1]  The facts of his conviction have been found

previously by this Court:

> On October 27, 2012, [Holmes] was one of the occupants of a vehicle
> that was the subject of a police stop in the 800 block of North Spruce
> Street.  A reliable confidential informant had advised Wilmington
> Police that within that vehicle was a firearm.   Upon arrival, police
> located the vehicle which was occupied by Holmes, codefendant Oliver
> Smith, and occupants Latisha Powell and Deoddrick Purnell.    All
> occupants were asked to exit the vehicle, all complied and were placed
> in custody.  A black Ruger "single six" .22 revolver was found in
> Holmes' waistband which was loaded with five .22 caliber Remington
> rounds.  Inside his left leg pant pocket was one clear bag containing six
> Endocet pills and eight Alprazolam (Xanax) pills.  A black Intratec 9
> mm Leger Tec 9 was found in codefendant Smith's waistband which

---

[1] *State v. Eric Holmes*, Crim. I.D. No. 120019908, Docket Item (hereinafter "D.I.")
45, 46.

was loaded with thirty 9 mm Lugar rounds with one in the chamber. Occupants Powell and Purnell were questioned and released.[2]

2. At the time of sentencing, the State moved to declare Holmes a habitual offender pursuant to 11 *Del. C.* § 4214.[3] Holmes was so declared, and sentenced as a habitual offender to sixteen (16) years at Level V, followed by decreasing levels of supervision.[4] Holmes appealed his conviction, which was ultimately affirmed by the Supreme Court of the State of Delaware on January 29, 2015.[5]

3. Holmes moved for a sentence reduction on February 24, 2015, which this Court denied on March 4, 2015.[6]

4. On February 27, 2015, Holmes moved for appointment of counsel for purposes of moving for postconviction relief.[7] This request was granted and postconviction counsel was appointed.[8] In relation to the appointment of counsel, the Court Ordered trial counsel to provide the entirety of his file to postconviction counsel and that other documents from the Court's file and appropriate items of the Investigative Services Office's file be made available to postconviction counsel.[9]

---

[2] *State v. Holmes*, 2016 WL 4413150, *1 (Del. Super. Aug. 17, 2016).
[3] D.I. 45.
[4] D.I. 45, 46.
[5] *Holmes v. State*, 2015 WL 428071, at *1 (Del. Jan. 29, 2015).
[6] D.I. 57, 59.
[7] D.I. 56.
[8] D.I. 67; *State v. Holmes*, 2015 WL 1197687, at *1 (Del. Super. Mar. 12, 2015).
[9] D.I. 71.

5.      On October 20, 2015, Holmes filed his first motion for postconviction relief.[10] On January 27, 2016, counsel moved to withdraw his representation.[11] Holmes then moved to compel the State to produce certain discovery items concerning the investigation of his case.[12] Specifically, Holmes requested: (1) "the statements of L. Powell and D. Purnell;" (2) DNA results; and (3) ballistic results.[13] On August 17, 2016, this Court denied Holmes' motion to compel discovery, noting Holmes conceded that "all evidence subject to Rule 61 discovery was turned over long ago…[and that] Holmes ha[d] failed to demonstrate a compelling reason for the discovery of the requested evidence – even if the additional evidence exists."[14]

6.      Ultimately, postconviction counsel's motion to withdraw was granted and Holmes' first postconviction motion was denied on December 15, 2016.[15] Holmes appealed the denial,[16] which was later affirmed by the Delaware Supreme Court.[17]

---

[10] D.I. 69. This initial filing was a "placeholder" motion. Thereafter, a full briefing schedule was issued by the Court which provided for an amended counseled postconviction motion to be filed. D.I. 70.

[11] D.I. 73, 74.

[12] D.I. 79, 82.

[13] *Holmes*, 2016 WL 4413150, at *1.

[14] *Id.* at *2.

[15] D.I. 85; *State v. Holmes*, 2016 WL 7324098, at *9 (Del. Super. Dec. 15, 2016).

[16] D.I. 86.

[17] *Holmes v. State*, 2017 WL 3725065, at *2 (Del. Aug. 29, 2017). Holmes appeared to only appeal certain aspects of the Superior Court's decision, as noted in the Supreme Court's Order: "To the extent that Holmes raised other issues in the motion he filed in the Superior Court, he has waived any right to further review of those

7. On June 1, 2018, Holmes petitioned for a Writ of Habeas Corpus.[18] This Petition was denied on June 8, 2018.[19] Following, Holmes filed a string of letters to the Court, including various unsupported requests for information.[20]

8. On February 3, 2025, Holmes filed a "Motion to Vacate Sentence"[21] pursuant to *Erlinger v. United States*.[22] That motion is pending, as it was stayed at the request of the State on April 23, 2025, pending the resolution of similar matters.[23]

9. On May 5, 2025, Holmes filed the instant motion for postconviction relief, his second,[24] accompanied by a motion for appointment of counsel.[25] The motion for appointment of counsel was denied on July 16, 2025.[26] Following that denial, a briefing schedule for the postconviction motion was issued.[27] Amendments to that schedule were made at Holmes' request for additional time.[28]

---

claims on appeal by failing to argue them in his opening brief." *Id.* at *1. This waiver subsumes the denial of Holmes' postconviction related discovery requests.

[18] D.I. 90.
[19] D.I. 95.
[20] D.I. 96, 97, 99, 100, 101, 103, 104.
[21] D.I. 105.
[22] *Erlinger v. United States*, 602 U.S. 821 (2024).
[23] D.I. 109.
[24] D.I. 111.
[25] D.I. 110.
[26] D.I. 114.
[27] D.I. 115.
[28] D.I. 118, 119.

10. On October 28, 2025, Holmes filed a "Motion to Compel Disclosure of DNA Results and Complete Case File in Support of Pending Rule 61 Motion."[29] In his motion, similar to his 2016 motion, Holmes requested: (1) DNA evidence, raw data, laboratory notes, and chain of custody documentation associated with this case; (2) the complete prosecution and defense case file, including all witness statements, investigative reports, correspondence, notes, internal memoranda, and any other exculpatory or impeaching materials.[30] That motion, along with Holmes' related Motion to Stay proceedings pending the outcome of the Motion to Compel were both denied on January 30, 2026.[31]

11. Pursuant to the briefing schedule,[32] the State filed its response in opposition to Holmes' second postconviction motion on September 11, 2025.[33] On October 6, 2025, Holmes filed a Motion for Enlargement of Time, requesting an extension of the original deadline to file his Reply.[34] This was motion was granted on October 10, 2025.[35] In accordance, Holmes' Reply was due and filed on December 9, 2025.[36]

---

[29] D.I. 120.
[30] D.I 120.
[31] D.I. 124.
[32] D.I. 115.
[33] D.I. 116.
[34] D.I. 118.
[35] *Id.*
[36] D.I. 122. Holmes filed his Reply twice: one received by the Court on December 9, and an identical Reply was received on December 23, 2025. D.I. 123. The Court

12. In this second postconviction motion, Holmes raises one ground for relief: that newly discovered evidence "of potential interactions between defense witnesses and the Attorney General's Office" exists that "constitutes material information that should have been disclosed to the Defense."[37] Holmes argues the potential interaction violated his due process rights in that he was "deprived of the opportunity to (1) investigate potential biases or motivations of the witnesses, (2) [a]djust defense strategies based on witnesses' relationships with the Prosecution; and (3) challenge the credibility of the witnesses through effective cross-examination."[38] Holmes contends that the newly discovered evidence constitutes a *Brady v. Maryland*[39] violation, that an evidentiary hearing should be held to "further investigate the extent of the interactions between the defense witnesses and the Attorney General's Office," that his sentence should be vacated, and a new trial should be granted "where the Defense has access to all material information, ensuring a fair and just proceeding."[40]

13. In opposition, the State argues that Holmes' claim is procedurally barred under Superior Court Criminal Rule 61 and, alternatively, is meritless.[41] The

---

deems December 9th the date of submission, as both filings were identical and the December 9 filing was timely.

[37] D.I. 111.

[38] *Id*.

[39] 373 U.S. 83 (1963).

[40] D.I. 111.

[41] D.I. 116.

State avers Holmes has failed to demonstrate a *Brady* violation for three reasons. First, that Holmes's contention that "the State did not provide him with discoverable communications and agreements involving Latisha Purnell and Deoddrick Purnell" is pure speculation and fails to demonstrate a *Brady* violation. Second, complete discovery was provided to defense before trial and at trial, Latisha Purnell testified for the defense. The State points out that Holmes previously moved to compel production during his first postconviction proceeding, where he conceded that "all evidence subject to Rule 61 discovery was turned over long ago."[42] Third, the State argues Holmes has failed to demonstrate prejudice.[43] Finally, the State argues that the requested evidentiary hearing is not required, as the purported newly discovered evidence would not have changed the outcome of Holmes' case.[44]

14. Before addressing the merits of a postconviction motion, the Court must apply the procedural bars of Superior Court Criminal Rule 61(i).[45] The finding of a procedural bar precludes a reviewing court from addressing the merits of a postconviction claim, to "protect the procedural integrity" of the Court Rules.[46] A motion for postconviction relief can be procedurally barred as untimely, repetitive,

---

[42] D.I. 116.
[43] D.I. 116.
[44] D.I. 116.
[45] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[46] *State v. Page*, 2009 WL 1141738, at *13 (Del. Super. April 29, 2009).

failure to raise a claim in the proceedings leading to the judgment of conviction and for being formerly adjudicated.[47]

15. Before applying the bars under Rule 61(i), however, Rule 61(d)(2) states that a second or subsequent motion for postconviction relief must be summarily dismissed. The exception for summary dismissal is triggered if "the movant was convicted after a trial and [], "(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction [] invalid."[48] This is Holmes' second postconviction motion, thus Rule 61(d)(2) permits summary dismissal. As will be further discussed below, Holmes has not presented evidence that this purported "new evidence" creates a strong inference that he is actually innocent of the charges. At most, Holmes presented evidence of a "possible"[49] connection between two witnesses and the State. Therefore, Holmes' motion is summarily dismissed. Despite this summary dismissal, the remaining procedural bars will be discussed, as well as the merits of his claim, for completeness.

---

[47] Super. Ct. Crim. R. 61(i)(1)-(4).
[48] Super. Ct. Crim. R. 61(2(d)(i) & (ii).
[49] D.I. 111.

16.     Superior Court Criminal Rule 61(i)(1) precludes review of a motion for postconviction relief filed more than one year after the judgment of conviction is final.[50]  A defendant's conviction is final thirty days after this Court imposes its sentence, or when the Delaware Supreme Court issues a mandate or order where the conviction was directly appealed.[51]  As noted above, Holmes took a direct appeal to the Delaware Supreme Court, who affirmed his convictions on January 29, 2015. The instant motion was filed almost a decade after his judgment of conviction became final and is procedurally barred from review as untimely.

17.     To escape this procedural bar, Holmes must allege a newly recognized retroactively applicable right by either the United States Supreme Court or the Delaware Supreme Court, and that his postconviction motion was filed within one year of that recognition.[52]   Holmes has alleged or established neither, therefore his second postconviction motion is barred as untimely.

18.     Under Superior Court Criminal Rule 61(i)(2), a second or subsequent postconviction motion is considered successive and barred.[53] Being this is Holmes' second motion for postconviction relief, Rule 61(i)(2) warrants dismissal unless Holmes has pled with particularity, "a claim that a new rule of constitutional law

---

[50] Super. Ct. Crim. R. 61(i)(1).
[51] Super. Ct. Crim. R. 61(m)(1)-(2).
[52] Super. Ct. Crim. R. 61(i)(1).
[53] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).

made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court applies to the [defendant's] case and renders the conviction . . . invalid." He has not done so here. Thus, his claim is barred from review under Rule 61(i)(2).

19.     Under Superior Court Criminal Rule 61(i)(3), claims "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the defendant can show cause for relief and prejudice.[54] To establish cause and avoid this bar, Holmes must "demonstrate that an external impediment prevented him from raising [his current claim] earlier."[55] He has not done so. Had Holmes been able to substantiate his *Brady* claim, he could avoid this bar by showing that favorable evidence exists that the State suppressed, and articulate how the suppressed evidence would have been helpful to him.[56] Holmes cannot do so here because he cannot make out a substantiated *Brady* claim.

20.     In order for Holmes to establish a *Brady* violation, he must show that the evidence at issue is favorable to him, as either exculpatory or impeachment evidence, that it was suppressed by the State either willfully or inadvertently and he

---

[54] Super. Ct. Crim. R. 61(i)(3).
[55] *Morrison v. State*, 2022 WL 790507, at *6 (Del. 2002) (citing *Younger*, 580 A.2d at 556).
[56] *See* Ray v. State, 280 A.3d 627, 646 (Del. 2022) and *Manuel v. State*, 2021 WL 4347080, at *1 (Del. 2021).

suffered prejudice as a result.[57] Holmes' *Brady* claim fails as he cannot establish a reasonable probability that had this supposed evidence been disclosed to the defense, the result of the proceeding would have been different, such that the confidence in the result of the trial is undermined.[58]

21. Holmes' purported "evidence" is a notation in the Judicial Information System in which witness names are listed for purposes of subpoena output, with a designation indicating from which party the subpoena request represents. Holmes has not mentioned how this designation indicates any specific conversations with the Attorney General's Office and these witnesses or whether there is any evidence of agreements between the purported witness and the State. Holmes' mere speculation cannot establish a *Brady* violation.[59]

22. Further, Latisha Purnell was called by the defense at trial and provided testimony that supported the defense theory at trial. From the record below, it appears as if Purnell was cooperative with defense and provided favorable testimony. Therefore, Holmes cannot show that this new purported information of a "possible" connection to the State is favorable to him and either exculpatory or proper impeachment evidence. Even if he could meet this standard, Holmes fails to show a reasonable probability that previous knowledge of this information would

---

[57] *State v. Reyes*, 155 A.3d 331, 354 (Del. 2017).
[58] *Id.* At 345-355.
[59] *Brooks v. State*, 2010 WL 2197622, at *1 (Del. June 2, 2010).

have resulted in a different verdict at trial. Therefore, Holmes cannot avoid the procedural bar of Rule 61(i)(3).

23. Rule 61(i)(5) provides relief from, "[t]he [procedural] bars [] in paragraphs (1), (2), (3), and (4) of [Rule 61(i)] [for] a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[60] Holmes is not alleging the Court lacked jurisdiction, therefore the analysis turns to the exceptions laid out in Rule 61(d)(2)(i) and (ii). To meet the requirements of Rule 61(d)(2), Holmes must plead with particularity (i) that new evidence exists that creates a strong inference that Holmes actually is innocent of the charges of which he was convicted; or (ii) that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court applies to Holmes' case and renders the conviction invalid.

24. As previously discussed, Holmes has not presented evidence that this purported "new evidence" creates a strong inference that he is actually innocent of the charges. Holmes' conclusory allegation cannot overcome the procedural bars. Nor does he raise a new rule of constitutional law, retroactively applied in this motion. Therefore, his claim cannot be saved by Rule 61(i)(5).

---

[60] Super. Ct. Crim. R. 61(i)(5).

25. For all the reasons discussed within the procedural bars analysis, Holmes' claim is equally without merit. His allegation does not establish a *Brady* violation, thus even if his claim was considered without the applicable procedural bars, it fails.

### Request for Evidentiary Hearing

26. In denying Holmes' Motion for Postconviction relief, his request for an evidentiary hearing becomes moot. Rule 61(g)(1) permits the Court to expand the record to include additional materials relevant to the determination of the merits of the motion.[61] Given that Holmes' postconviction request is denied as procedurally barred, no additional materials are necessary.

27. Holmes requests an evidentiary hearing be held "to further investigate the extent of the interactions between the defense witnesses and the Attorney General's Office, and their impact on the trial proceedings."[62] Under Superior Court Criminal Rule 61(h)(1) "after considering the motion for postconviction relief, the state's response, the movant's reply, if any, the record of prior proceedings in the case, and any added materials, the judge shall determine whether an evidentiary hearing is desirable."[63] However, "if it appears that an evidentiary hearing is not desirable, the judge shall make such disposition of the

---

[61] Super. Ct. Crim. R. 61(g)(1).
[62] D.I. 111.
[63] Super. Ct. Crim. R. 61(h)(1).

motion as justice dictates."[64]  In this case, this Court has already determined that Holmes has failed to demonstrate a compelling reason to justify additional discovery or further review of evidence related to his case; no evidentiary hearing is necessary or required in the interests of justice.

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge

Original to Prothonotary

cc:    Brian Arban, Deputy Attorney General
       Brian Robertson, Deputy Attorney General
       Eric Holmes, *pro se*, SBI# 00465822

---

[64] Super. Ct. Crim. R. 61(h)(1).